UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CHAMPIONX, LLC f/k/a<br>WINDROCK, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>RESONANCE SYSTEMS, INC.,<br>VIPER MONITORING & ANALYSIS,<br>L.P., VIPER MACHINERY<br>MONITORING CORPORATION,<br>SIGNET MONITORING<br>AND ANALYSIS, INC.,<br>EDWARD FLANAGAN, PAUL BEAM,<br>STEVE MCNAIR, JOSH KELLEY, and<br>ETHAN CLARK,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)   No.:   3:21-CV-288-TAV-JEM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the "Motion for Dismissal of Defendants Signet Monitoring and Analysis, Inc. and Ethan Clark with Prejudice" [Doc. 222], which has been filed jointly by plaintiff Champion X, LLC f/k/a Windrock, Inc. ("Windrock") and Defendant Signet Monitoring and Analysis, Inc. ("Signet"). Windrock and Signet move for the dismissal of Signet and Defendant Ethan Clark in his individual capacity ("Clark")[1] with prejudice pursuant to Federal Rule of Civil Procedure 21. As grounds for the dismissal with prejudice, Windrock and Signet state in their Memorandum of Law that Windrock has settled with Signet and Clark, and they ask for all parties to be responsible for their own costs and expenses incurred as a result of this action [Doc. 223]. Windrock and Signet point out that Signet has

---

[1] The Court notes that Clark has never made an appearance in this case.

been served with Windrock's Fourth Amended Complaint, while Clark has not [*Id.*]. Windrock and Signet assert that none of the nonmoving parties have alleged fault, liability, or indemnification against either Signet or Clark [*Id.*].

When seeking to dismiss fewer than all claims or parties, as here, the Sixth Circuit has instructed that a party should utilize Rule 21, which provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against any party." Fed. R. Civ. P. 21. When undertaking the Rule 21 analysis, "courts consider whether allowing withdrawal would be unduly prejudicial to the nonmoving party." *Wilkerson v. Brakebill*, No. 3:15-CV-435, 2017 WL 401212, at *2 (E.D. Tenn. Jan. 30, 2017) (quoting *Arnold v. Heyns*, No. 13-14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015)). The remaining defendants did not respond to the joint motion seeking dismissal of Signet and Clark with prejudice pursuant to Rule 21, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").℉

For the reasons stated herein, and in light of lack of opposition, the joint motion for dismissal of Signet and Clark with prejudice [Doc. 222] is hereby **GRANTED**, and defendants Signet and Clark are **DISMISSED with prejudice**, with all parties to be responsible for their own costs and expenses incurred as a result of this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE