UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHAMPIONX, LLC f/k/a WINDROCK, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | |
| RESONANCE SYSTEMS, INC., VIPER ) | No. 3:21-cv-00288-TAV-HBG |
| MONITORING & ANALYSIS, L.P., VIPER ) | |
| MACHINERY MONITORING ) | |
| CORPORATION, SIGNET MONITORING ) | |
| AND ANALYSIS, INC., EDWARD ) | |
| FLANAGAN, PAUL BEAM, STEVE MCNAIR, ) | |
| JOSH KELLEY, and ETHAN CLARK, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## JOINT SUPPLEMENT

Plaintiff ChampionX, LLC f/k/a Windrock, Inc., Counter Defendant ChampionX Corporation (collectively "Windrock") and Defendant/Counter Claimant Resonance Systems, Inc. (individually "RSI"), Defendants Viper Monitoring & Analysis, L.P.; Viper Machinery Monitoring Corporation; Edward Flanagan; Paul Beam; Steve McNair; and Josh Kelley (collectively the "RSI Defendants") (Windrock and the RSI Defendants collectively the "Parties") hereby jointly supplement their requests for certain documents to be filed under seal as ordered by the Court in the Order dated January 30, 2024 (Doc. 249).

I. **Plaintiff's Supplementation**

   A. **Exhibit 1 to the Rice Declaration—ChampionX LLC Entity Organization [SEALED Doc. 234-1].**

Plaintiff respectfully renews its request for the ChampionX LLC entity organization chart to remain under seal. While Plaintiff recognizes the public's right of access, implicit in the

applicable caselaw is the idea that the relevance of the information at issue to litigation is a consideration. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). This chart is cited by Defendants in support of the proposition that "[i]n May 2023, Windrock, Inc. merged with ChampionX, LLC, which, in turn, is also a subsidiary of ChampionX Corporation, also a publicly traded entity." (Doc. 232 at 3). First, the chart does not show that Windrock, Inc. merged with ChampionX, LLC (although this point is not disputed, *see* Doc. 176 at ¶3). Second, there is no dispute that ChampionX, LLC falls beneath ChampionX Corporation in ChampionX Corporation's corporate structure. As a result, the rest of the information provided by the chart—some 16 uninvolved—entities is totally irrelevant to Defendants' motion.

Courts outside the Sixth Circuit have sealed documents containing non-public information regarding corporate structure. *See Droplets, Inc. v. Yahoo! Inc.*, No. 12-CV-03733-JST, 2019 WL 9443777, at *2 (N.D. Cal. June 18, 2019) ("The Court finds that these documents and excerpts contain confidential business information such that there is good cause to justify sealing."); *Bold Ltd. v. Rocket Resume, Inc.*, No. 22-CV-01045-BLF, 2024 WL 54692, at *2 (N.D. Cal. Jan. 4, 2024) ("Good cause exists to seal confidential business information, including non-public information about a company's business strategy, business transactions, and corporate structure."); *J.M. Woodworth Risk Retention Grp., Inc. v. Uni-Ter Underwriting Mgmt. Corp.*, No. 213CV00911JADPAL, 2014 WL 12769806, at *1 (D. Nev. May 20, 2014) (sealing documents plaintiff asserted contained "proprietary and confidential information about the corporate structure and internal governance of Plaintiff's business").

In light of the above, Plaintiff respectfully renews its request for the ChampionX LLC entity organization chart to remain under seal. In the alternative, Plaintiff requests that Plaintiff

be permitted leave to file a redacted version of the chart that redacts all the listed entities except for "ChampionX Corporation" and "ChampionX LLC."

      **B.**      **Exhibits 2, 50, 51, 52, 54, 59, and 60 to the Rice Declaration—Request for Admission Responses Involving Agreements with Current and Former Employees as well as Actual Employment Agreements [SEALED Doc. 234-2, 234-20, 234-21, 234-22, 234-23, 234-24, 234-25].**

The exhibits at issue here are one set of 324 Responses to Requests for Admission and well as several agreements relating to Plaintiff's employees. Plaintiff wishes to balance the Court's concern with placing the entirety of these documents under seal with the case law's recognition that certain privacy rights of participants and third parties can outweigh the right to public access. *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1181 (6th Cir. 1983). Accordingly, Plaintiff respectfully requests leave to file redacted versions of these exhibits with Windrock current/former employee names redacted (except for named Defendants) as well as redactions to the amounts of any retention bonuses or severance payments received by current/former Windrock employees.

      **C.**      **Exhibit 8 to the Rice Declaration—Internal Windrock Communications Discussing Reverse Engineering of Windrock Software [SEALED Doc. 234-5].**

Plaintiff respectfully renews its request for this email exchange to remain under seal. While the email exchange does include an employee's views on employee obligations or "legal boundaries," the information is provided in response to a hypothetical regarding reverse engineering Plaintiff's products. Specifically, in the email found at the bottom of WRI0089711, one employee poses a potential scenario for reverse engineering Plaintiff's products. The email provides a road map for one possible approach to reverse engineering Windrock's products. As a result, this discussion includes commercially sensitive business information that should remain under seal. *See N. Harris Computer Corp. v. DSI Invs., LLC*, 608 F. Supp. 3d 511, 530 (W.D. Ky.

3

2022). Accordingly, Plaintiff requests that this email exchange remain under seal. In the alternative, Plaintiff respectfully requests leave to file a redacted version of this Exhibit.

### D. Exhibit 16 to the Rice Declaration—Plaintiff's Written Discovery Responses [SEALED Doc. 234-9].

In light of the Court's recognition that these discovery responses contain sensitive financial data and customer names, Plaintiff respectfully requests leave to file a redacted version of this Exhibit which redacts the financial data and customer names from the document.

### E. Exhibits 42, 43, 45, and 46 to the Rice Declaration—Windrock Copyright Documents [SEALED Docs. 234-16, 234-17, 234-18, 234-19].

As an initial matter, Plaintiff has never taken the position that the copyright registrations (Exhibits 42 and 45) needed to be filed under seal. In response to Defendants' request for Plaintiff's position on these documents, Plaintiff responded: "Seal deposit copies, no need to seal registrations."

Regarding the deposit copies, the "limited circumstances" referenced by Plaintiff are described more fully in Copyright Circular No. 6, which provides:

> **Copies of Deposits**
>
> All requests for copies of deposits should be submitted to the Records Research and Certification Section. The Copyright Office does not retain all works deposited for copyright registration. The Office will provide certified or uncertified copies of published or unpublished works deposited in connection with a copyright registration and held in the Office's custody only when one of the following three conditions has been met:
>
> 1. Written authorization is received from the copyright claimant of record or the owner of any of the exclusive rights in the copyright, as long as this ownership can be demonstrated by written documentation of the transfer of ownership. If the transfer of the copyright is recorded in the Copyright Office, please include, if possible, the volume and page numbers and approximate year of recordation. Without that information, a search of the Copyright Office files will be necessary, and a search fee will be required.

> 2. The Copyright Office Litigation Statement Form is completed and received from an attorney or authorized representative in connection with litigation, actual or prospective, involving the copyrighted work. The following information must be included in such a request: (a) the names of all parties involved and the nature of the controversy, and (b) the name of the court in which the actual case is pending. In the case of a prospective proceeding, the requestor must give a full statement of the facts of controversy in which the copyrighted work is involved, attach any letter or other document that supports the claim that litigation may be instituted, and make satisfactory assurance that the requested reproduction will be used only in connection with the specified litigation. Contact the Records Research and Certification Section for a Litigation Statement Form. This form must be used. No substitute will be permitted. The form must contain a signature and all information requested for the Copyright Office to process a request. The Office will accept either handwritten or electronic signatures.
>
> 3. A court order is issued for a reproduction of a deposited article, facsimile, or identifying portion of a work that is the subject of litigation in its jurisdiction. The order must be issued by a court having jurisdiction over a case in which the copy is to be submitted as evidence.
>
> A request for copies of works deposited in connection with a copyright claim should be accompanied by whatever material is necessary to show that one of the three conditions given above has been met.

(United States Copyright Office, Circular 6 "Obtaining Access to and Copies of Copyright Office Records and Deposits," https://www.copyright.gov/circs/circ06.pdf (last visited Feb. 6, 2024)).

In light of the above, there are significant limitations on who can access the deposit copy information and for what purpose. In addition, Section 8(o) of the Parties' Stipulated Protective Order addresses the filing of source code and provides that documents designated "SOURCE CODE" should be filed under seal. (Doc. 32 at 15). It is undisputed that the deposit copies contain portions of Plaintiff's source code.

Accordingly, Plaintiff respectfully renews its request for the deposit copies (Exhibits 43 and 46) to remain under seal.

## II. Defendants' Supplementation.

### A. Exhibits 5, 6, and 17 to the Rice Declaration—Agreements and Email Chain [SEALED Docs. 234-3, 234-4, 234-10]

Defendants hereby withdraw their requests for Exhibits 5, 6, and 17 to the Rice Declaration to be sealed in their entirety. Instead, Defendants respectfully request that they be permitted to file Exhibit 5 (Dkt. 234-3) and Exhibit 6 (Dkt. 234-4) to the Rice Declaration (the "Viper Documents") in redacted form, with any reference to purchase price or contributions from shareholders or partners redacted. Additionally, Defendants hereby withdraw their motion to seal Exhibit 17 (Dkt. 234-10) to the Rice Declaration and submit that it may be filed not under seal, without redactions.

Defendants submit that the information contained in the Viper Documents regarding redemption of stock and capital contributions is commercially sensitive and that the amounts of such redemptions or contributions are not relevant to any determination in this case. Courts in the Sixth Circuit have previously found such information to be appropriate for redaction. *See N. Harris Computer Corp. v. DSI Investments, LLC*, 608 F.Supp.3d 511, 530-31 (W.D. Ky. 2022) (granting a motion to redact the purchase price and payment amounts in an asset purchase agreement). The information Defendants seek to redact in the Viper Documents is similar to the information ordered redacted in *Harris Computer* and, therefore, Defendants respectfully request that they be permitted to refile Exhibits 5 and 6 to the Rice Declaration (Dkt. 234-3; 234-4). These proposed redactions are narrowly tailored only remove a minimal amount of information from the public view.

### III. Conclusion

The Parties respectfully renew their requests for the documents identified herein to remain under seal or redacted as indicated above.

Respectfully Submitted,

s/ *Christopher J. Barrett,, Esq.*
**Kenneth A. Weber, BPR No. 015730**
**Christopher J. Barrett, BPR No. 032978**
**Jeremy D. Ray, BPR No. 034407**
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203
Telephone: (615) 726-5600
Email: kweber@bakerdonelson.com
Email: cbarrett@bakerdonelson.com
Email: jray@bakerdonelson.com

**Bradley E. Trammell, BPR No. 013980**
*(admitted pro hac vice)*
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, TN 38103
Telephone: (901) 526-2000
Email: btrammell@bakerdonelson.com

*Attorneys for Plaintiff*

By: */s/ Rameen J. Nasrollahi, Esq.*
**CHERYL G. RICE, ESQ., BPR#021145**
**JOHN L. WOOD, ESQ., BPR#027642**
**RAMEEN J. NASROLLAHI, ESQ., BPR#033458**
EGERTON, McAFEE, ARMISTEAD & DAVIS, P.C.
900 S. Gay Street, Suite 1400
Knoxville, TN 37902
(865) 546-0500 (phone)
(865) 525-5293 (facsimile)
jwood@emlaw.com
crice@emlaw.com
rjn@emlaw.com
*Attorneys for Resonance Systems, Inc., Paul Beam, Edward Flanagan, Josh Kelley, Steve McNair, Viper Monitoring & Analysis, L.P., and Viper Machinery Monitoring Corporation*