UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHAMPIONX, LLC, f/k/a WINDROCK, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:21-CV-288-TAV-JEM |
| RESONANCE SYSTEMS, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Leave to Exceed Page Limit [Doc. 355]. Defendants responded in opposition [Doc. 361], and Plaintiff filed a reply [Doc. 363]. For the reasons explained below, the Court **GRANTS** the motion [**Doc. 355**].

### I. BACKGROUND

On January 5, 2024, Defendants filed their Motion for Summary Judgment [Doc. 231]. Plaintiff filed its response in opposition to the motion for summary judgment ("Opposition Brief") on January 26, 2024 [Doc. 245], and Defendants filed their reply on February 2, 2024 [Doc. 251].

On April 15, 2024, Plaintiff filed its Motion for Leave to Exceed Page Limit [Doc. 355]. Pursuant to Local Rule 7.1(d), Plaintiff seeks "leave to exceed the 5-page limitation for supplementing briefs . . . regarding [its] Supplemental Brief in Opposition to Defendants' Motion for Summary Judgment" ("Supplemental Brief") [*Id.* at 1]. Plaintiff seeks no more than 10 pages [*Id.*]. For grounds, Plaintiff represents that the parties engaged in additional discovery after Defendants' dispositive motion became ripe [*Id.*]. More specifically, Plaintiff explains that it

deposed the Rule 30(b)(6) witnesses for Defendant Resonance Systems, Inc. ("RSI"), Defendant Viper Monitoring & Analysis, L.P. ("Viper"), and former defendant Signet Monitoring and Analysis, Inc. ("Signet"); Defendants' technical expert, Dr. James Plank; and former defendant Ethan Clark [*Id*. at 2]. In addition, Plaintiff states that on May 11, 2023, it served Defendants with Request for Production No. 78, and in response on February 23, 2024, Defendants produced 2,272 documents, and on March 22, 2024, they produced another 866 documents [*Id*.]. According to Plaintiff, "the information contained in [its] Supplemental Brief . . . is derived from these depositions and document productions, and thus is properly included in a supplemental brief under Local Rule 7.1(d) because they qualify as developments occurring after [its] summary judgment opposition was filed" [*Id*.]. Due to the amount of evidence, Plaintiff also seeks "an enlargement of the 5-page limitation" [*Id*]. Plaintiff filed its Supplemental Brief [Doc. 355-1] as an exhibit to its motion.

Defendants respond in opposition to the motion and move to strike the Supplemental Brief [Doc. 361 p. 2]. They assert that "[d]iscovery of new evidence after a motion deadline has passed does not warrant a supplemental brief pursuant to Local Rule 7.1(d) without leave of Court" [*Id*. at 3 (citation omitted)]. Claiming that the motion is moot, Defendants argue that Plaintiff did not "properly [seek] leave to file the Supplemental [Brief]" [*Id*.]. In addition, Defendants assert that the Supplemental Brief does not reference new facts that occurred after Plaintiff filed its Opposition Brief [*Id*. at 4]. Instead, Defendants argue, the facts referenced in the Supplemental Brief are referenced in their summary judgment motion and Plaintiff could have taken the discovery mentioned in the Supplemental Brief before the dispositive motion deadline [*Id*. at 4–5]. The Supplemental Brief, Defendants states, does not contain new authority that will be helpful to the Court's analysis [*Id*. at 6]. To the extent the Court grants Plaintiff's motion, Defendants

"request leave to substantively respond to the Supplement [Brief] with a like page limit as that granted to Plaintiff" [*Id*.].

Plaintiff replies that "[t]he Scheduling Order expressly anticipated that the parties could continue discovery, . . . subsequent to the dispositive motion deadline" [Doc. 363 p. 1]. Under these circumstances, Plaintiff contends, it is unnecessary to seek leave of Court to file its Supplemental Brief [*Id*. at 2]. According to Plaintiff, "this Court has allowed the filing of such briefs even when parties . . . did not follow proper procedures" [*Id*. at 2–3 (citation omitted)]. Plaintiff argues that it "has shown good cause for exceeding the default page limitation" and that its Supplemental Brief will be helpful to the Court [*Id*. at 3]. Although Defendants claim that Plaintiff could have taken the referenced discovery before it filed its Opposition Brief, Plaintiff argues that "Defendants failed to timely disclose Viper's Rule 30(b)(6) designee" and that the other depositions were rescheduled due to the January 2024 snowstorm [*Id*. at 3–4]. Plaintiff does not oppose Defendants' request to respond to the Supplemental Brief with a matching page limitation [*Id*. at 6].

## II. ANALYSIS

The parties' dispute is governed by Local Rule 7.1(d):

> No additional briefs, affidavits, or other papers in support of or in opposition to a motion shall be filed without prior approval of the Court, except that a party may file a supplemental brief of no more than 5 pages to call to the Court's attention developments occurring after a party's final brief is filed. Any response to a supplemental brief shall be filed within 7 days after service of the supplemental brief and shall be limited to no more than 5 pages.

E.D. Tenn. L.R. 7.1(d).

Defendants argue that "[d]iscovery of new evidence after a motion deadline has passed does not warrant a supplemental brief to Local Rule 7.1(d) without leave of Court" [Doc. 361 p. 3

3

(citation omitted)]. Addressing a comparable situation, United States District Judge Thomas A. Varlan explained:

> Indeed, in the Court's Scheduling Order, the deadline for dispositive motions is before the deadline for the completion of discovery. As a result, the word "developments" could feasibly incorporate deposition testimony that is taken after final briefing on a dispositive motion.

*Gammons v. Adroit Med. Sys., Inc.*, No. 3:21-CV-173, 2023 WL 2700704, at *5 (E.D. Tenn. Mar. 29, 2023) (citation omitted), *aff'd*, 91 F.4th 820 (6th Cir. 2024). While Defendants rely on *Fsgbank, N.A. v. Triumph Inv. Managers, LLC*, No. 1:13-CV-00194, 2014 WL 11510596, at *1 (E.D. Tenn. Sept. 25, 2014), to support their argument that the filing of the Supplemental Brief was improper [Doc. 361 p. 3], in that case, the Court denied leave to file a supplemental brief because the original discovery deadline expired before the deadline to file dispositive motions, *see Fsgbank, N.A.*, No. 1:13-CV-00194 [Doc. 80] (E.D. Tenn. Sep. 23, 2014).[1]

Even if Plaintiff's filing of the Supplemental Brief was not proper, "supplemental briefs may be permitted 'in the interests of justice when the proposed submission contains new authority or evidence that was not available to the movant in the exercise of reasonable diligence when the original briefs were filed.'" *City of Chattanooga v. Walker Cnty. Gen. Water & Sewerage Auth., Walker Cnty.*, No. 1:19-CV-176, 2021 WL 6332536, at *1 (E.D. Tenn. Dec. 13, 2021) (quoting *Valassis Commc'ns., Inc. v. News Corp.*, No. 13-14654, 2015 WL 13050049, at *1 (E.D. Mich. Dec. 23, 2015)). Defendants claim that "[Plaintiff] unilaterally elected not to take these depositions

---

[1] The Court further notes that in *Fsgbank, N.A.*, the defendant asked the court to reconsider because it had extended the discovery deadline. *Fsgbank, N.A.*, 2014 WL 11510596, at *1. The Court declined to do so, explaining that when it extended the discovery deadline it "clearly communicated to the parties that the Court would not extend the deadline for filing dispositive motions." *Id*. The Court therefore finds the circumstances in *Fsgbank, N.A.* inapposite.

4

until February of 2024" [Doc. 361 p. 2]. Many of these depositions, however, were scheduled before Plaintiff's response to the motion for summary judgment was due [*See* Doc. 363 p. 3]. But they were rescheduled in part when the parties encountered a dispute about the timeliness of Defendant Viper's disclosure of its Rule 30(b)(6) witness [*See* Doc. 361-2 p. 2]. In addition, Plaintiffs represent that they were rescheduled due to the January 2024 snowstorm that affected Tennessee [Doc. 363 pp. 3–4]. And Defendants do not dispute that they produced 3,587 documents after Plaintiffs filed their Opposition Brief [*See* Doc. 361].

Defendants argue that the Supplemental Brief does not contain new facts [Doc. 361 pp. 4–6]. The Court has reviewed the Supplemental Brief, and it predominantly relies on the discovery that the parties took after Defendants' Motion for Summary Judgment became ripe [*See* Doc. 355-1]. The Court finds that such discovery will assist the District Judge in rendering a decision on a "fully developed record" [Doc. 363 p. 3]. *See City of Chattanooga*, 2021 WL 6332536, at *1 (allowing the plaintiff to file a supplemental brief in part because of "facts learned after its initial filing, and the proposed supplement relates to an issue already properly raised in the [p]arties' initial briefings"). Similarly, while Defendants claim that the new authority cited in Plaintiff's Supplemental Brief "lack[s] . . . substance" and was in a different procedural posture [Doc. 361 p. 6], they acknowledge the case "may bear some resemblance to the facts before this Court" [*Id*.]. *See Clark v. Robertson*, No. 1:05-CV-160, 2007 WL 708590, at *1 n.2 (E.D. Tenn. Mar. 5, 2007) (finding that while the defendant did not properly file the supplemental brief under Local Rule 7.1(d), the court would consider it because it was helpful).

Considering the decision in *Gammons*, and under the circumstances of this case, the Court declines to strike Plaintiff's Supplemental Brief [Doc. 355-1]. The Court will also allow Plaintiff additional pages in light of the volume of discovery referenced in the Supplemental Brief.

### III. CONCLUSION

For the reasons explained above, the Court **GRANTS** Plaintiff's Motion for Leave to Exceed Page Limit [**Doc. 355**]. Plaintiff **SHALL** file its Supplemental Brief [Doc. 355-1] in CM/ECF on or before **July 22, 2024**. Given that, Defendants may file a response to the Supplemental Brief, not to exceed ten pages, on or before **July 29, 2024**.

**IT IS SO ORDERED.**

ENTER:

/s/ Jill E. McCook
Jill E. McCook
United States Magistrate Judge